JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 20-02241 PA (SHKx) | Date | November 3, 2020 |
|---|---|---|---|
| Title | Kym Brooks v. T.J. Maxx of CA, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| G. Garcia | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant The TJX Companies, Inc. ("Removing Defendant"). (Dkt. No. 1 ("Removal").) In the Removal, Removing Defendant asserts that this Court has jurisdiction over the action brought against Removing Defendant, T.J. Maxx of CA, LLC and Pamela McKnight by plaintiff Kym Brooks ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, a defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-02241 PA (SHKx) | Date | November 3, 2020 |
|---|---|---|---|
| Title | Kym Brooks v. T.J. Maxx of CA, LLC, et al. | | |

Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company . . . .").

In the Notice of Removal, Removing Defendant does not allege the citizenship of defendant Pamela McKnight. Instead, Removing Defendant alleges McKnight "is a 'sham' defendant, such that for purposes of diversity of citizenship jurisdiction she can be disregarded." (Removal ¶ 16.) The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).

On this record, the Court cannot conclude that Plaintiff has not stated a viable claim against McKnight, or would not be afforded leave to amend her Complaint to state a viable claim against McKnight. Plaintiff's Complaint brings a claim of harassment against McKnight. Removing Defendant argues that the "claim against McKnight is not viable as a matter of law for the following reasons: (1) the managerial privilege precludes personal liability on the claim; and (2) the harassment claim fails because Plaintiff cannot establish that the conduct was severe or pervasive." (Removal ¶ 49.)

First, Removing Defendant has "not carried [its] burden of showing that the harassment claim against [McKnight] is obviously barred by managerial immunity." De La Rosa v. U.S. Foods, Inc., 18-cv-00987, 2018 WL 3203091, at *2 (C.D. Cal. June 29, 2018). Under California law, the managerial privilege shields managerial employees from liability when the employee acts to further the interests of

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-02241 PA (SHKx) | Date | November 3, 2020 |
|---|---|---|---|
| Title | Kym Brooks v. T.J. Maxx of CA, LLC, et al. | | |

his or her employer. See Los Angeles Airways, Inc. v. Davis, 687 F.2d 321, 326 (9th Cir. 1982). "However, individual managers may be held personally liable for unlawful harassment, which does not constitute a 'personnel decision.'" Hayes v. TJX Companies, Inc., 17-cv-08172, 2018 WL 619876, at *5 (C.D. Cal. Jan. 29, 2018) (citing Reno v. Baird, 18 Cal. 4th 640, 646 (1998) ("Making a personnel decision is conduct of a type fundamentally different from the type of conduct that constitutes harassment. Harassment claims are based on a type of conduct that is avoidable and unnecessary to job performance."); see also E.E.O.C. v. Interstate Hotels, LLC, 04-cv-04092, 2005 WL 885604, at *2 (N.D. Cal. Apr. 14, 2005) ("managerial privilege does not apply to insulate defendant from harassment and discrimination claims"). Further, "whether the privilege applies 'is thoroughly fact intensive,' and [Removing Defendant] ha[s] failed to convince the Court that a state court will find that the privilege applies under the facts of this case." De La Rosa, 2018 WL 3203091, at *2 (citing Calero v. Unisys Corp., 271 F. Supp. 2d 1172, 1180 (N.D. Cal. 2003)).

Second, the Court is not convinced that Plaintiff cannot establish that the conduct complained of was severe or pervasive. A successful harassment claim "must demonstrate that the conduct complained of was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees." Miller v. Dep't. of Corr., 36 Cal. 4th 446, 462 (2005). "[A]cts of harassment cannot be occasional, isolated, sporadic, or trivial[;] rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or generalized nature." Fisher v. San Pedro Peninsula Hops., 214 Cal. App. 3d 590, 610 (1989).

Specific instances of harassment alleged in Plaintiff's complaint include: (1) that McKnight "promotes only Caucasian employees," "purposefully withholds information from [Plaintiff] about open positions for full time Key Carrier," and hired others who were less qualified than Plaintiff over Plaintiff. (Dkt. No. 9, Ex. ¶ 13) Plaintiff alleges she was passed over for a promotion on several occasions despite being the most qualified. (Id. ¶ 30.) Construing the allegations in Plaintiff's Complaint in her favor, the Court finds there is a possibility that she has made out a viable claim for harassment. See Hayes, 2018 WL 619876, at *4 (remanding finding similar allegations of harassment made out a plausible claim for relief).

For all of the foregoing reasons, Removing Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Riverside County Superior Court, Case No. 20RIC2002349. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.